IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETH D. JOCOY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-684-C |
| | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS GRADY COUNTY; | ) |
| CITY OF CHICKASHA; | ) |
| MACK DONALD ALEXANDER; | ) |
| GILLIAN RAINEY, an individual; | ) |
| MICHAEL POE, an individual; | ) |
| ELIP MOORE, an individual; | ) |
| ART KELL, an individual; | ) |
| JOHN DOE #1, an individual | ) |
| JOHN DOE # 2, an individual; and | ) |
| CHELSEY GILBERTSON, D.O., an individual, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On the evening of March 11, 2011, a Mr. Alexander was taken into custody by the Chickasha Police Department for the crime of public intoxication. After his arrest, Mr. Alexander informed the officers that he had ingested numerous controlled substances. Concerned for his health and well-being, the officers transported Mr. Alexander to Grady County Memorial Hospital. Once Mr. Alexander arrived at Grady County Memorial Hospital, he was evaluated by Defendant, Dr. Chelsey Gilbertson, who was the attending emergency room doctor and administratively in charge of the emergency room's operations on that day.

Upon arrival at the emergency room, Mr. Alexander was handcuffed to his gurney and guarded by police officers. Nevertheless, Mr. Alexander was somewhat physically aggressive. After examining Mr. Alexander, Defendant Gilbertson determined that his medical needs exceeded that available at the hospital and that he should be transported to an Oklahoma City hospital. Defendant Gilbertson, the Chickasha Police Department, and the Chickasha Fire Department had discussions regarding transportation of Mr. Alexander to Oklahoma City. The fire chief who was in charge of the transportation refused to transport him unless law enforcement officers accompanied the transportation. The law enforcement personnel did not want to provide officers for the transport. Defendant Gilbertson agreed that if Mr. Alexander could not be transported to Oklahoma City he could remain in Grady County. Ultimately, the assistant police chief determined that Mr. Alexander should simply be released. Accordingly, at approximately 11:45 p.m., Mr. Alexander was released from custody. It is unclear whether Mr. Alexander was also released from the hospital as a patient at this time. Apparently, he did remain at or return to the hospital.

Sometime around 2:00 a.m. the following morning, Plaintiff, a nurse on duty at the hospital, encountered Mr. Alexander, who assaulted Plaintiff, causing her injury. Following that incident, Plaintiff filed the present action, raising claims of battery, negligence, and a violation of 42 U.S.C. § 1983.

Arguing that Plaintiff failed to state a claim for relief, Defendant Gilbertson filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Gilbertson argues that Plaintiff's amended petition fails to satisfy the pleading requirements set forth by the

Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009). Defendant Gilbertson argues that Plaintiff's petition attempts to state a claim for negligence but fails to make factual allegations to support that claim. Specifically, Defendant Gilbertson argues that Plaintiff has failed to plead facts which would give rise to a duty by her to prevent or protect Plaintiff from the harm suffered. In response, Plaintiff argues that she has adequately pled the elements of a negligence claim and therefore her case should be permitted to proceed.[1]

Turning to Plaintiff's negligence claim, Oklahoma Uniform Jury Instruction 9.1 sets out the elements for a claim for negligence. That instruction states:

> A party claiming damages has the burden of proving each of the following propositions:
> First, that [he/she] has sustained injury;
> Second, that the party from whom [he/she] seeks to recover was negligent;
> And, third, that such negligence was a direct cause of the injury sustained by the claiming party.

Inherent in this instruction is the question of whether a duty was owed by Defendant Gilbertson to Plaintiff: "The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed." Rose v. Sapulpa Rural Water Co., 1981 OK 85, ¶ 17, 631 P.2d 752, 757.

---

[1] Defendant also challenges whether or not Plaintiff can proceed, arguing that Plaintiff is making a professional negligence claim and as a result was required by state law to attach a certificate of merit. After review of Plaintiff's amended petition, it is unclear whether she is raising claims which would fall within the scope of the state statute. Because Plaintiff will be granted leave to amend, the Court will await Plaintiff's clarification of the scope of her claim before resolving the issue.

After consideration of the allegations in Plaintiff's amended petition and the arguments in the parties' briefs, the Court notes two problems with Plaintiff's case as pleaded. The first flaw in Plaintiff's amended petition is, as Defendant Gilbertson notes, a failure to plead facts demonstrating that Defendant Gilbertson owed Plaintiff a duty. As noted by the parties, Oklahoma has recognized two exceptions to the general rule that there is no duty to prevent a third person from causing physical injury to another. The first exception is where a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct. Here, this law would require the existence of a relationship between Defendant Gilbertson and Mr. Alexander. The second option is where a special relationship exists between the actor and the other which gives the other a right to protection. Here, this option would require the existence of a relationship between Plaintiff and Defendant Gilbertson. See Wofford v. Eastern State Hosp., 1990 OK 77, 795 P.2d 516.

As Defendant notes, Plaintiff has failed to plead any facts demonstrating a special relationship between Defendant Gilbertson and Mr. Alexander. Mr. Alexander was simply a patient brought to the hospital by the police for examination by Defendant Gilbertson. Any obligation to control the behavior of Mr. Alexander was the duty of the police, not Defendant Gilbertson. Plaintiff argues that based upon Mr. Alexander's prior conduct, his actions were foreseeable.[2] However, as Defendant notes, the question of foreseeability is distinct from

---

[2] Notably, none of the facts purportedly demonstrating foreseeability relied on in Plaintiff's response are found in the amended petition.

whether or not the duty to control existed in the first place. Plaintiff cites no authority in Oklahoma that would create the special relationship between Defendant Gilbertson and Mr. Alexander which would give rise to a duty upon Defendant Gilbertson to protect Plaintiff from Mr. Alexander. Rather, the cases are uniform in imposing such duties only where the relationship is one of generally accepted responsibility, such as a parent-child, master-servant, or employer-employee. In the absence of facts demonstrating a special relationship between Mr. Alexander and Defendant Gilbertson, Plaintiff cannot establish the existence of a duty owed to her by Defendant Gilbertson and therefore her negligence claim would fail.

As for the relationship between Plaintiff and Defendant Gilbertson, assuming that Plaintiff could show that Defendant Gilbertson was her employer rather than a co-worker, Oklahoma law is clear that "an employer has [no] general duty to protect his employees from the assaults of criminals." McMillin v. Barton-Robison Convoy Co., 1938 OK 241, ¶ 10, 78 P.2d 789, 790. Although later cases[3] have noted that this is a general rule and there may exist "exceptional circumstances" requiring deviation, Plaintiff has failed to plead facts supporting the existence of "exceptional circumstances" in this case.

The second fatal omission from Plaintiff's amended petition is any factual allegation addressing the question of causation. Plaintiff has failed to plead facts which demonstrate that Defendant Gilbertson was a direct cause of Plaintiff's injury. Plaintiff makes a passing reference in her amended petition to the fact that Defendant Gilbertson allowed Mr.

---

[3] See Lay v. Dworman, 1986 OK 85, 732 P.2d 455; Taylor v. Hynson, 1993 OK 93, 856 P.2d 278.

Alexander to remain in the hospital. However, there is no factual allegation tying that alleged decision to the fact that Mr. Alexander later assaulted Plaintiff. Plaintiff argues that the police chief's decision to release Mr. Alexander from custody created a dangerous situation. However, that determination was not made by Defendant Gilbertson, and to the extent that decision played a role in the assault on Plaintiff, any liability for it cannot be assigned to Defendant Gilbertson. Moreover, the assault on Plaintiff was an intentional and likely criminal act by someone other than Defendant Gilbertson. As the Oklahoma Supreme Court has stated, "A person is not generally deemed liable at common law for a third party's deliberate act. A third person's intentional tort is a supervening cause of the harm that results – even if the actor's negligent conduct created a situation that presented the opportunity for the tort to be committed – unless the actor realizes or should realize the likelihood that the third person might commit the tortious act." Graham v. Keuchel, 1993 OK 6, ¶ 13, 843 P.2d. 342, 349 (emphasis omitted). Thus, only if Mr. Alexander's assault was foreseeable could Defendant Gilbertson have any responsibility.

On the issue of foreseeability, Plaintiff has failed to plead facts demonstrating that Defendant Gilbertson could reasonably foresee that Mr. Alexander would attack Plaintiff several hours after he had been released. Although Plaintiff makes allegations that Mr. Alexander's behavior was aggressive early on in his stay at the hospital, there is no suggestion that that behavior continued through the evening and certainly no explanation that it continued after the time that Mr. Alexander was released from custody by the police. Thus, Plaintiff has failed to plead facts demonstrating that any act of Defendant Gilbertson caused

the harm to Plaintiff. Consequently, Plaintiff has failed to plead facts which nudge the question of causation from possible to plausible. Thus, Plaintiff's amended petition fails to state a claim for relief.

In sum, Plaintiff's claims against Defendant Gilbertson simply lack adequate pleading to survive at this stage. Moreover, as Defendant suggests in her Reply, it appears highly likely that Plaintiff will never be able to make a claim against Defendant Gilbertson for this act. However, rather than determine at this stage that amendment would be futile, the Court will grant Plaintiff an opportunity to engage in further legal and factual research and determine if a viable claim can be made.

For the reasons set forth herein, Defendant Chelsey Gilbertson, D.O.'s Motion to Dismiss (Dkt. No. 34) is GRANTED. Plaintiff's claims against Defendant Gilbertson are dismissed without prejudice. To the extent Plaintiff wishes to pursue her claims against Defendant Gilbertson further, she must file an amended complaint within 20 days of the date of this Order.

IT IS SO ORDERED this 5th day of December, 2012.

ROBIN J. CAUTHRON
United States District Judge