IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETH D. JOCOY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-12-684-C |
| | ) |
| BOARD OF COUNTY | ) |
| COMMISSIONERS GRADY COUNTY; | ) |
| CITY OF CHICKASHA; | ) |
| MACK DONALD ALEXANDER; | ) |
| GILLIAN RAINEY, an individual; | ) |
| MICHAEL POE, an individual; | ) |
| ELIP MOORE, an individual; | ) |
| ART KELL, an individual; | ) |
| JOHN DOE #1, an individual | ) |
| JOHN DOE # 2, an individual; and | ) |
| CHELSEY GILBERTSON, D.O., an | ) |
| individual, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On the evening of March 11, 2011, a Mr. Alexander was taken into custody by the Chickasha Police Department for the crime of public intoxication. After his arrest, Mr. Alexander informed the officers that he had ingested numerous controlled substances. Concerned for his health and well-being, the officers transported Mr. Alexander to Grady County Memorial Hospital. Once Mr. Alexander arrived at Grady County Memorial Hospital, he was evaluated by Defendant, Dr. Chelsey Gilbertson, who was the attending emergency room doctor and administratively in charge of the emergency room's operations on that day.

Upon arrival at the emergency room, Mr. Alexander was handcuffed to his gurney and guarded by police officers. Nevertheless, Mr. Alexander was somewhat physically aggressive. After examining Mr. Alexander, Defendant Gilbertson determined that his medical needs exceeded that available at the hospital and that he should be transported to an Oklahoma City hospital. Defendant Gilbertson, the Chickasha Police Department, and the Chickasha Fire Department had discussions regarding transportation of Mr. Alexander to Oklahoma City. The fire chief who was in charge of the transportation refused to transport him unless law enforcement officers accompanied the transportation. The law enforcement personnel did not want to provide officers for the transport. Defendant Gilbertson agreed that if Mr. Alexander could not be transported to Oklahoma City he could remain in Grady County. Ultimately, the assistant police chief determined that Mr. Alexander should simply be released. Accordingly, at approximately 11:45 p.m., Mr. Alexander was released from custody. It is unclear whether Mr. Alexander was also released from the hospital as a patient at this time. Apparently, he did remain at or return to the hospital.

Sometime around 2:00 a.m. the following morning, Plaintiff, a nurse on duty at the hospital, encountered Mr. Alexander, who assaulted Plaintiff, causing her injury. Following that incident, Plaintiff filed the present action, raising claims of battery, negligence, and a violation of 42 U.S.C. § 1983.

Defendant, City of Chickasha ("City") seeks dismissal of Plaintiff's Amended Petition* based on a failure to state a claim. According to Defendant City, Plaintiff's Amended Petition fails to state a claim for relief for 42 U.S.C. § 1983 liability.

Review of the pleadings before the Court reveals three potential theories of liability against Defendant City. First, Plaintiff asserts in her Amended Petition that Defendant failed to properly train its employees and as a result of that failure Plaintiff was injured. Alternatively, Plaintiff argues in her brief that Defendant City had a policy or custom which led to the constitutional violation. Finally, Plaintiff pleads in her Amended Petition that Defendant City created a danger which resulted in her injury and therefore she is entitled to recover for this constitutional violation.

Regarding the existence of a policy or custom, Plaintiff's Amended Petition fails to reveal any factual allegation or even a conclusory assertion of the existence of a policy or custom by Defendant City which led to the alleged harm. Although the Court is not prepared to adopt Defendant's position that Plaintiff must identify a specific policy, Plaintiff must at least raise the allegation and support it with the facts available. While Plaintiff argues in her response brief about the existence of a policy or custom, the failure to raise the theory in the Amended Petition precludes the Court's consideration of the arguments in her response brief.

Plaintiff next seeks to impose liability on Defendant City for the improper training of its officers. In order to establish constitutional liability for a failure to train, the failure to

---

* Because Plaintiff originally filed her action in state court, the initiating pleading and amendment were Petitions rather than Complaints.

train must rise to the level of "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989). Plaintiff argues that the Defendant City police officers were not adequately trained in the maintenance and custody of someone as hostile as Defendant Alexander. Plaintiff also makes some conclusory allegations regarding the conduct of the government entities that demonstrated conscious disregard of the substantial risk of harm to Plaintiff and that the failure to train resulted in deliberate indifference to the rights of Plaintiff, medical staff, and other persons.

In order to adequately plead a theory of deliberate indifference, the Plaintiff must plead facts which make her theory that Defendant disregarded a known and obvious consequence of its actions at least plausible. Connick v. Thompson, ___ U.S. ___, 131 S.Ct. 1350, 1359 (2011). Because deliberate indifference is such a stringent standard of fault and requires proof that the municipal actor disregarded a known or obvious consequence of his or her action, there generally must be some pattern of similar constitutional violations by untrained employees before the City is on notice of the inadequacy of its training program. Id. at 1359-60.

Acknowledging the lack of factual allegations in the Amended Petition supporting such prior instances, Plaintiff argues that this case is akin to those where a single incident is sufficient to demonstrate deliberate indifference. The single incident option was a narrow hypothetical circumstance left open by the Supreme Court in City of Canton v. Harris. In describing the circumstances where it might arise, the Supreme Court hypothesized that were

a city to arm its officers with firearms and deploy those officers into the public to capture fleeing felons without training those officers on the intricacies of appropriate use of deadly force, that single incident could give rise to § 1983 liability.  The allegations in Plaintiff's Amended Petition, even when accepted as true, do not give rise to the type of liability or failure to train issues contemplated by the Supreme Court in creating the single incident circumstance.  Thus, the Court finds as a matter of law that Plaintiff cannot state a claim for relief based on the single incident outlined in Plaintiff's Amended Petition as establishing Defendant City's deliberate indifference to Plaintiff's constitutional rights.

     Plaintiff's third and final theory for liability is a "danger creation" theory. i.e., that by bringing Defendant Alexander into the hospital and then not properly attending to him, Defendants created a danger to Plaintiff which existed only due to their actions.  Defendant City does not challenge this theory of recovery in its Motion to Dismiss.  Consequently, the Court will not consider at this stage whether or not it is adequately pled.

     As set forth more fully herein, Plaintiff did not plead the existence of a policy or custom which led to the alleged constitutional violation.  Accordingly, she may not pursue that theory absent filing an Amended Complaint.  She has failed as a matter of law to plead facts or legal support for a failure to train theory that rises to the level of deliberate indifference.  Therefore, to the extent that theory was pleaded in her Amended Petition, it is dismissed with prejudice.  Finally, Defendant has not challenged Plaintiff's danger creation theory.  Therefore, her claims against the City of Chickasha under that theory shall proceed.

As set forth more fully herein, Defendant, City of Chickasha's, Motion to Dismiss (Dkt. No. 36) is GRANTED.  If Plaintiff wishes to pursue the policy or custom theory, she must request leave to file an Amended Complaint within 20 days of the date of this Order. Absent that filing, Plaintiff's § 1983 claim against Defendant City will proceed solely on the danger creation theory.

IT IS SO ORDERED this 20th day of December, 2012.

ROBIN J. CAUTHRON
United States District Judge