IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BETH D. JOCOY, an individual,        )
                                     )
              Plaintiff,             )
                                     )
vs.                                  )    Case No. CIV-12-684-C
                                     )
BOARD OF COUNTY                      )
COMMISSIONERS GRADY COUNTY;          )
CITY OF CHICKASHA;                   )
MACK DONALD ALEXANDER;               )
GILLIAN RAINEY, an individual;       )
MICHAEL POE, an individual;          )
ELIP MOORE, an individual;           )
ART KELL, an individual;             )
JOHN DOE #1, an individual;          )
JOHN DOE # 2, an individual; and     )
CHELSEY GILBERTSON, D.O., an         )
individual,                          )
                                     )
              Defendants.            )

MEMORANDUM OPINION AND ORDER

On the evening of March 11, 2011, a Mr. Alexander was taken into custody by the

Chickasha Police Department for the crime of public intoxication.  After his arrest, Mr.

Alexander informed the officers that he had ingested numerous controlled substances.

Concerned for his health and well-being, the officers transported Mr. Alexander to Grady

County Memorial Hospital.  Once Mr. Alexander arrived at Grady County Memorial

Hospital, he was evaluated by Defendant, Dr. Chelsey Gilbertson, who was the attending

emergency room doctor and administratively in charge of the emergency room's operations

on that day.

After examining Mr. Alexander, Defendant Gilbertson determined that his medical needs exceeded that available at the hospital and that he should be transported to an Oklahoma City hospital. Defendant Gilbertson, the Chickasha Police Department, and the Chickasha Fire Department had discussions regarding transportation of Mr. Alexander to Oklahoma City. The fire chief who was in charge of the transportation refused to transport him unless law enforcement officers accompanied the transportation. The law enforcement personnel did not want to provide officers for the transport. Defendant Gilbertson agreed that if Mr. Alexander could not be transported to Oklahoma City he could remain in Grady County. Ultimately, Mr. Alexander was released from custody. Shortly thereafter, Mr. Alexander assaulted Plaintiff, causing her injury. Following that incident, Plaintiff filed the present action, raising claims of battery, negligence, and a violation of 42 U.S.C. § 1983.

Arguing that Plaintiff failed to state a claim for relief, Defendant Gilbertson filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on October 24, 2012. In resolving that motion, the Court found Plaintiff had failed to plead facts demonstrating Defendant Gilbertson owed her a duty or the existence of a special relationship. Consequently, the Court granted that motion and dismissed the claims against Defendant Gilbertson without prejudice.

Plaintiff has now filed a Second Amended Complaint which Defendant Gilbertson again argues is insufficient to state a claim for relief. In support of her motion, Defendant Gilbertson notes three flaws in the Second Amended Complaint. First, Plaintiff's claim against her is barred by the Oklahoma Workers' Compensation Code; second, she owed no

duty to protect Plaintiff from Mr. Alexander's criminal attack; and third, Plaintiff has failed to attach a certificate of merit which is required to bring a professional negligence claim.

Defendant Gilbertson's challenge to Plaintiff's Second Amended Complaint is governed by the pleading requirements set forth by the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009).

In its Order dismissing the earlier version of Plaintiff's claim against Defendant Gilbertson, the Court found that Plaintiff had failed to plead facts suggesting the existence of a special relationship between Plaintiff and Defendant Gilbertson. Plaintiff now seeks to correct that shortcoming by pleading:

> 39)    The work environment and relationship between emergency room doctors and nurses creates a master/servant relationship.

> 40)    As such, a special relationship existed between Gilbertson and Jocoy.

> 41)    Said relationship was either employer/employee or master/servant.

(Second Amended Complaint, Dkt. No. 62, ¶¶ 39-41.). Defendant Gilbertson seizes this language and notes that to the extent Plaintiff is pleading an employer/employee relationship, her claim is barred by 85 Okla. Stat. § 302(A)[1] which states:

> The liability prescribed in this act shall be exclusive and in place of all other liability of the employer and any of his or her employees, at common law or otherwise, for such injury, loss of services, or death, to the employee, or the

---

[1] As Defendant notes, the Oklahoma Workers' Compensation Act was significantly amended in 2011. However, other than relocating it to a new section, no relevant changes were made to this section.

> spouse, personal representative, parents, or dependents of the employee, or any
> other person, except in the case of an intentional tort, or where the employer
> has failed to secure the payment of compensation for the injured employee.

In response, Plaintiff argues that paragraph (E) of section 302 governs the issue of workers'

compensation immunity in this case:

> The immunity created by the provisions of this section shall not extend
> to action against another employer, or its employees, on the same job as the
> injured or deceased worker even though such other employer may be
> considered as standing in the position of a special master of a loaned servant
> where such special master neither is the immediate employer of the injured or
> deceased worker nor stands in the position of an intermediate or principal
> employer to the immediate employer of the injured or deceased worker.

According to Plaintiff, she was an employee of Defendant Grady County Memorial Hospital

and Defendant Gilbertson was an independent contractor.  Thus, Plaintiff asserts Defendant

Gilbertson is not entitled to the protection of the Workers' Compensation Act.  Defendant

Gilbertson does not respond to Plaintiff's argument in her reply brief.  After consideration

of the parties' arguments, the Court finds Plaintiff's claims against Defendant Gilbertson are

not barred by the Oklahoma Worker's Compensation Act, as Defendant Gilbertson was not

Plaintiff's employer.

Defendant Gilbertson next challenges Plaintiff's Second Amended Complaint,

asserting it fails to plead facts which would establish the existence of a duty owed by

Defendant Gilbertson to Plaintiff.  As the Court noted in it earlier Order:  "The threshold

question in any suit based on negligence is whether defendant had a duty to the particular

plaintiff alleged to have been harmed."  Rose v. Sapulpa Rural Water Co., 1981 OK 85, ¶ 17,

631 P.2d 752, 756.  Oklahoma follows "[t]he general rule . . . that, absent special

4

circumstances, no duty is imposed on a party to anticipate and prevent the intentional or criminal acts of a third party." Henry v. Merck & Co., Inc., 877 F.2d 1489, 1492 (10th Cir. 1989).  Oklahoma recognizes there are exceptions to this general rule stating:

> there are situations in which a reasonable man is required to anticipate and guard against intentional, even criminal misconduct.  These situations arise where the actor is under a special responsibility toward the one who suffers the harm or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account.

Joyce v. M & M Gas Co., 1983 OK 110, ¶ 5, 672 P.2d 1172, 1173-74.  Thus, to impose a duty on Defendant Gilbertson to protect Plaintiff from the intentional act of Mr. Alexander, Plaintiff must plead facts demonstrating that:  (1) Defendant Gilbertson had a special responsibility to Plaintiff; or (2) Defendant Gilbertson engaged in an affirmative act which created or exposed Plaintiff to a recognizable high degree of risk of harm.

Setting aside, for now, the issue of whether Defendant Gilbertson had a special responsibility to Plaintiff, the Court finds Plaintiff has pleaded facts which, if proven, would establish an affirmative act by Dr. Gilbertson which exposed Plaintiff to a recognizably high degree of risk of harm.  The Second Amended Complaint, under the heading "Negligence," sets forth a number of acts by Defendant Gilbertson which, if proven, could give rise to liability.  As a general rule, an individual owes no duty of care to a third person for the acts of another; however, "every person is under a duty to exercise due care in using that which he/she controls so as not to injure another."  Lockhart v. Loosen, 1997 OK 103, ¶ 13, 943 P.2d 1074, 1080.  Here, the allegations of the Second Amended Complaint, if proven, would

establish that Defendant Gilbertson did not exercise the required due care and that that failure could lead to harm to another such as Plaintiff.

To be clear, however, the Court is not making a determination that Defendant Gilbertson owed a duty of care to Plaintiff, only that the Second Amended Complaint is sufficient to state a claim.  While, as a general rule, questions of "special relationship" and "duty" are questions of law,[2] in this instance those questions can be answered only through a fact-intensive query.  Consequently, at the summary judgment stage where the facts are established, the Court may very well determine Defendant Gilbertson owed no duty to Plaintiff.

Finally, Defendant Gilbertson argues that because Plaintiff's claims against her are in the nature of professional negligence, a certificate of merit as required by 12 Okla. Stat. § 19 must be provided.  Defendant Gilbertson notes that the Court has previously held that § 19 does not apply in this Court.  Nevertheless, in response Plaintiff states that she has

---

[2] See Iglehart v. Bd. of Cnty. Comm'rs of Rogers Cnty., 2002 OK 76, ¶ 11, 60 P.3d 497, 502 ("The question of whether a duty is owed by a defendant is one of law . . . ."); Wofford v. Eastern State Hosp., 1990 OK 77, ¶ 10, 795 P.2d 516, 519 ("Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court.")

obtained the required affidavit and provided it to Defendant Gilbertson.   Defendant

Gilbertson does not contest this point in her Reply.  The Court will consider the issue moot.

For the reasons set forth herein, Defendant Chelsey Gilbertson, D.O.'s Motion to

Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 69) is DENIED.

IT IS SO ORDERED this 11th day of April, 2013.


ROBIN J. CAUTHRON
United States District Judge