IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETH D. JOCOY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-684-C |
| ) | |
| CITY OF CHICKASHA; ) | |
| MACK DONALD ALEXANDER; ) | |
| GILLIAN RAINEY, an individual; ) | |
| ELIP MOORE, an individual; ) | |
| JOHN DOE #2, an individual; and ) | |
| CHELSEY GILBERTSON, D.O., an ) | |
| individual, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

On the evening of March 11, 2011, a Mr. Alexander was taken into custody by the Chickasha Police Department for the crime of public intoxication. After his arrest, Mr. Alexander informed the officers that he had ingested numerous controlled substances. Concerned for his health and well-being, the officers transported Mr. Alexander to Grady County Memorial Hospital. Once Mr. Alexander arrived at Grady County Memorial Hospital, he was evaluated by Defendant, Dr. Chelsey Gilbertson, who was the attending emergency room doctor and administratively in charge of the emergency room's operations on that day.

After examining Mr. Alexander, Defendant Gilbertson determined that his medical needs exceeded those available at the hospital and that he should be transported to an

Oklahoma City hospital. Defendant Gilbertson, the Chickasha Police Department, and the Chickasha Fire Department had discussions regarding transportation of Mr. Alexander to Oklahoma City. The fire chief who was in charge of the transportation determined that law enforcement officers should accompany Mr. Alexander during the transport. Ultimately, the decision was made by law enforcement to release Mr. Alexander from custody. Thereafter, Mr. Alexander assaulted Plaintiff, a nurse on duty in the emergency room, causing her injury. Following that incident, Plaintiff filed the present action, raising claims of battery against Defendant Alexander, negligence against Defendant Gilbertson and a violation of 42 U.S.C. § 1983 against the governmental Defendants.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.

2

Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. DISCUSSION

A. Defendant Gilbertson

As noted above, Plaintiff's sole claim against Defendant Gilbertson is that she was negligent in a manner that caused Plaintiff's injury. Arguing that the undisputed material facts entitle her to relief, Defendant Gilbertson filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. In support of her Motion, Defendant Gilbertson argues the undisputed facts demonstrate she owed no duty to protect Plaintiff from Mr. Alexander's criminal attack and alternatively that Mr. Alexander's attack was not foreseeable and therefore Defendant Gilbertson did not act or fail to act in a manner that permitted Plaintiff's injury.

"The threshold question in any suit based on negligence is whether defendant had a duty to the particular plaintiff alleged to have been harmed." Rose v. Sapulpa Rural Water

Co., 1981 OK 85, ¶ 17, 631 P.2d 752, 756. Oklahoma follows "[t]he general rule . . . that, absent special circumstances, no duty is imposed on a party to anticipate and prevent the intentional or criminal acts of a third party." Henry v. Merck & Co., Inc., 877 F.2d 1489, 1492 (10th Cir. 1989). Oklahoma recognizes there are exceptions to this general rule stating:

> there are situations in which a reasonable man is required to anticipate and guard against intentional, even criminal misconduct. These situations arise where the actor is under a special responsibility toward the one who suffers the harm or where the actor's own affirmative act has created or exposed the other to a recognizable high degree of risk of harm through such misconduct, which a reasonable man would take into account.

Joyce v. M & M Gas Co., 1983 OK 110, ¶ 5, 672 P.2d 1172, 1173-74. Thus, to impose a duty on Defendant Gilbertson to protect Plaintiff from the intentional act of Mr. Alexander, there must be evidence from which a reasonable jury could find (1) Defendant Gilbertson had a special responsibility to Plaintiff; or (2) Defendant Gilbertson engaged in an affirmative act which created or exposed Plaintiff to a recognizable high degree of risk of harm.

### 1. Special Responsibility

In an effort to create a "special responsibility" on the part of Defendant Gilbertson, Plaintiff argues that Oklahoma law creates a relationship of employer/employee between herself and Defendant Gilbertson because Gilbertson was the physician in charge of the ER, and consequently, Plaintiff, as an ER nurse, acted under Defendant Gilbertson's orders. In support of her arguments, Plaintiff relies on Weldon By & Through Weldon v. Seminole Mun. Hosp., 1985 OK 94, 709 P.2d 1058, and Aderhold v. Bishop, 1923 OK 1141, 221 P. 752.

Neither case supports Plaintiff's position. In <u>Weldon</u>, the issue was whether a hospital could be held liable for allegedly negligent care provided by a physician who had privileges at the hospital. The plaintiff in <u>Weldon</u> argued for liability based on the fact that a nurse, who was undisputedly a hospital employee, had assisted the physician. The Oklahoma Supreme Court noted in dicta that the nurse under those circumstances was a loaned servant to the physician. <u>Weldon</u>, 709 P.2d at 1061. <u>Aderhold</u> is similar in that the plaintiff in that case sought to hold a hospital liable for actions of a physician not employed by the hospital. The plaintiff argued that because the nurse, an employee of the hospital, had allegedly acted negligently, that the hospital should be held liable. The Oklahoma Supreme Court rejected the plaintiff's argument, noting that the nurse acted solely at the direction of the doctor and so was a loaned servant.

Here, Plaintiff has failed to offer any fact from which a reasonable jury could find that Defendant Gilbertson exercised sole control over her. Indeed, Plaintiff has offered no evidence or argument on what authority, if any, Defendant Gilbertson exercised any control over Plaintiff. The only evidence on the issue shows that Plaintiff was not providing primary care for Mr. Alexander until about 20 minutes before he struck her, that Plaintiff had had only limited conversations with Defendant Gilbertson about Mr. Alexander, and those conversations were about working out details regarding Mr. Alexander's transport to Oklahoma City. Plaintiff does not argue that when she went to check on Mr. Alexander and was struck that she had done so at the request of Defendant Gilbertson. Rather, Plaintiff's actions in caring for Mr. Alexander arose from her duties as a nurse employed by the

5

hospital. Based on the undisputed facts before the Court, no reasonable jury could find that Defendant Gilbertson had a "special relationship" to Plaintiff to the extent that Defendant Gilbertson owed Plaintiff a duty.

Even had the Court found the existence of a "special relationship," Plaintiff's argument would still fail. Even where there exists a master/servant or employer/employee relationship, the case must still fall within that unique set of circumstances where an employer has a duty to protect an employee from criminal attacks. Plaintiff relies on the Oklahoma Supreme Court's decision in Taylor v. Hynson, 1993 OK 93, 856 P.2d 278, where the plaintiff visited a fast food restaurant and was attacked by three patrons of the restaurant. The plaintiff in Taylor argued the restaurant was negligent in failing to expel the three patrons from its premises after becoming aware they posed a risk for violence. In overturning the trial court's grant of summary judgment in favor of the defendant, the Oklahoma Supreme Court recognized that as a general rule an employer has no duty to protect its employees from the criminal acts of third parties. Id. at 281. The Oklahoma Court recognized an exception exists where the employer has knowledge that danger to an employee is imminent. Id.

After considering the undisputed material facts, the Court finds no reasonable jury could find that Defendant Gilbertson had knowledge that Plaintiff faced imminent danger. The following facts are undisputed: Defendant Gilbertson evaluated Mr. Alexander upon his arrival at the ER. During that evaluation, Mr. Alexander showed no sign of aggression or combativeness. Defendant Gilbertson checked on Mr. Alexander several times while he was

6

in the ER.  At no time did Mr. Alexander exhibit any sign of aggression or combativeness. Defendant Gilbertson testified the ER is a small area and if Mr. Alexander had been aggressive or combative toward anyone while there, it would have been noticed.  Danny Wright was the nurse assigned to care for Mr. Alexander during his stay at the ER.  Mr. Wright has provided an affidavit noting that at no time during the stay in the ER did Mr. Alexander exhibit any signs of aggression.  Mr. Wright stated he offered no warning to Plaintiff about Mr. Alexander because there was no need.  Plaintiff testified that she was confident that if Mr. Wright had been concerned that Mr. Alexander posed a danger, that Mr. Wright would have warned her.

Plaintiff argues that Officer Rainey warned Defendant Gilbertson that Mr. Alexander was dangerous prior to removing the handcuffs.  However, Officer Rainey testified that, based on her experience, she was concerned that **if** Mr. Alexander had taken PCP, because of his size he could be a problem.  Plaintiff notes that in the police report she prepared, Officer Rainey stated she did not feel comfortable removing the restraints from Mr. Alexander.  However, that report explains that Officer Rainey's concerns were based on comments Mr. Alexander made about law enforcement, not about medical personnel.  Even viewed in the light most favorable to Plaintiff, this evidence is insufficient for a reasonable jury to find that Defendant Gilbertson was aware that Mr. Alexander posed an imminent threat.  Plaintiff also offers a Facebook message from Officer Rainey.  However, that message is clearly hearsay and as such inadequate to create a question of fact.  See Adams v. Am. Guar. & Liab. Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) ("Hearsay testimony

that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness['s] supposed testimony is "not suitable grist for the summary judgment mill."'") (citations omitted)). Even were the Court to consider it, the message offers no insight into what Defendant Gilbertson knew. Rather, the message focuses solely on Officer Rainey's perceptions.

Even when viewed in the light most favorable to Plaintiff, the undisputed material facts demonstrate that Defendant Gilbertson had no reason to believe Plaintiff faced imminent danger from Mr. Alexander. Consequently, even were the Court to find that Defendant Gilbertson had a "special relationship" with Plaintiff, there was no duty on Defendant Gilbertson to protect Plaintiff from Mr. Alexander.

### 2. Special Circumstances

Plaintiff's alternative theory is that Defendant Gilbertson engaged in an affirmative act which created a duty to protect Plaintiff and thereby created a special circumstance which imposed a duty of care. In support of her argument, Plaintiff points to a number of alleged affirmative acts by Defendant Gilbertson. According to Plaintiff, Defendant Gilbertson led the government defendants to leave Mr. Alexander unattended in the ER and then failed to take further precautionary measures such as: ordering medical restraints, sedating or otherwise medicating Mr. Alexander, performing a proper mental health evaluation, properly assessing the risks Mr. Alexander posed to himself and others, and/or adhering to reasonable standards of care for an impaired person.

In support of her position, Plaintiff relies on Joyce v. M & M Gas Co., 1983 OK 110, 672 P.2d 1172. In Joyce, an employee left the keys in his truck at night. The truck was stolen and involved in an accident which injured the plaintiff. The plaintiff sued M & M, arguing the employee was negligent in leaving the keys in the truck. The Oklahoma Supreme Court rejected the plaintiff's claim, noting that even if the employee were negligent, there was no special relationship or circumstance sufficient to create a duty. Id. at 1173. As noted above, the undisputed facts are such that no reasonable jury could find a special relationship or circumstance existed to impose a duty on Defendant Gilbertson to protect Plaintiff from Mr. Alexander's criminal conduct.

Although not relied on by Plaintiff, Lowery v. Echostar Satellite Corp., 2007 OK 38, 160 P.3d 959, addresses some of the arguments raised by Plaintiff. The Lowery court noted that even where there is no special relationship, there may be liability, but only if the harm to plaintiff is foreseeable. Id. at ¶ 13-14, 160 P.3d at 964. Thus, Plaintiff's claim must fail because based on the undisputed facts noted herein, no reasonable jury could find Mr. Alexander's actions were foreseeable. Despite Plaintiff's arguments to the contrary, the evidence of record is clear that Mr. Alexander's attack on Plaintiff was a complete surprise to everyone. Defendant Chelsey Gilbertson's Motion for Summary Judgment (Dkt. No. 100) will be granted.

B.  Defendants Gillian Rainey and Elip Moore

Plaintiff seeks to impose liability on Defendants Rainey and Moore under a danger creation test. "In general, state actors may only be held liable under § 1983 for their own

9

acts, not the acts of third parties." Robbins v. Oklahoma, 519 F.3d 1242, 1251 (10th Cir. 2008) (citing DeShaney v. Winnebago Cnty. of Dep't of Soc. Servs., 489 U.S. 189, 197 (1989)). There is an exception to this rule known as the "danger creation exception." "The 'danger creation' exception to this rule applies only when 'a state actor affirmatively acts to create, or increases a plaintiff's vulnerability to, or danger from private violence.'" Robbins, 519 F.3d at 1251 (citing Currier v. Doran, 242 F.3d 905, 923 (10th Cir. 2001)). To make a case under the danger creation theory, Plaintiff must show:

> (1) state actors created the danger or increased the plaintiff's vulnerability to the danger in some way, (2) the plaintiff was a member of a limited and specifically definable group, (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm, (4) the risk was obvious or known, (5) the defendants acted recklessly in conscious disregard of that risk, and (6) the conduct, when viewed in total, shocks the conscience.

Robbins, 519 F.3d at 1251 (citing Ruiz v. McDonnell, 299 F.3d 1173, 1182-83 (10th Cir. 2002)).

Although Plaintiff's evidence on many of the elements is sparse, the lack of evidence to establish the 4th or 6th element is dispositive. Any suggestion that releasing Mr. Alexander from custody would pose a substantial risk of serious, immediate, and proximate harm arises from the rhetoric of Plaintiff's counsel rather than the facts of the case. Presented with the undisputed material facts set forth above, no reasonable jury could find that any risk to Plaintiff from releasing Mr. Alexander was obvious or known. As for the 6th element, the Tenth Circuit has set forth the standard for finding conduct conscience shocking:

> [T]o satisfy the "shock the conscience" standard, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the

10

> plaintiff by abusing or misusing government power. That is, the plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. The level of conduct required to satisfy this additional requirement cannot precisely be defined, but must necessarily evolve over time from judgments as to the constitutionality of specific government conduct. We do know, however, that the "shock the conscience" standard requires a high level of outrageousness, because the Supreme Court has specifically admonished that a substantive due process violation requires more than an ordinary tort and that merely allowing unreasonable risks to persist in the workplace is not necessarily conscience shocking.

Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995) (citing Collins v. City of Harker Heights, Tex., 503 U.S. 115, 128 (1992)). Applying this standard, the Court finds no reasonable jury could find the conduct of Defendants Rainey and Moore shocks the conscience.

Plaintiff argues that Defendants Rainey and Moore followed a policy or custom of Defendant City of Chickasha and that led to her harm. However, for that argument to give rise to liability, Plaintiff must show that the policy or custom caused a constitutional harm. For the reasons set forth above, it is clear that no reasonable jury could find that the decision to release Mr. Alexander constitutes a constitutional harm. Thus, regardless of whether Defendants Rainey and Moore were implementing a policy or custom, there can be no liability. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.") (emphasis original).

Accordingly, Defendants, Gillian Rainey and Elip Moore's Motion for Summary Judgment (Dkt. No. 103) will be granted.

C.  Defendant City of Chickasha

Plaintiff argues that Defendant City of Chickasha is liable to her under the same creation of danger theory as outlined above against Defendants Rainey and Moore and that Defendant City of Chickasha employed a policy or custom of failing to transport prisoners from Grady Memorial Hospital to other medical providers. Both of Plaintiff's theories fail.

As noted above, the undisputed facts preclude a reasonable jury from finding in Plaintiff's favor on the danger creation theory. As for the policy or custom theory, the Tenth Circuit has held "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." Hinton v. City of Elwood, Kan., 997 F.2d 774, 782 (10th Cir. 1993) (citing City of Los Angeles, 475 U.S. at 799; Apodaca v. Rio Arriba Cnty. Sheriff's Dep't, 905 F.2d 1445, 1447-48 (10th Cir. 1990); Watson v. City of Kan. City, Kan., 857 F.2d 690, 697 (10th Cir. 1988)). Even if Plaintiff were correct in her assertion of the existence of a policy to not transport, her claim would fail as there is no evidence that policy led to the harm. Consequently, Defendant City of Chickasha's Motion for Summary Judgment will be granted.

D.  Defendant John Doe #2

Based on its resolution of Plaintiff's claims against Defendants Rainey, Moore, and City of Chickasha, the Court finds Plaintiff's claims against Defendant John Doe #2 fail to state a claim for relief. Plaintiff's sole allegation against Defendant John Doe #2 is as follows:

> John Doe # 2 is a police officer with the Chickasha Police Department who is responsible for training and communicating policies and procedures to Officer Rainey and upon reasonable belief is a resident of Grady County, Oklahoma.

Pl.'s Am. Compl., Dkt. No. 48, ¶ 14. For the reasons set forth herein, even had Plaintiff named and served this individual, there could be no claim against her/him. Consequently, John Doe #2 will be dismissed with prejudice.

E.  Defendant Alexander

As noted above, all of Plaintiff's claims against Defendant Alexander arise under Oklahoma law. Although Defendant Alexander has, pro se, filed an Answer to the Complaint and Amended Complaint, he has taken no other action in this matter. Defendant Alexander has not filed witness or exhibit lists, filed Motions or joined in the Motions of any Co-Defendant. In short, it appears that Plaintiff's case against Mr. Alexander is in its infancy. As the disposition herein has resolved all federal claims, the questions arises whether the Court should exercise supplemental jurisdiction over Plaintiff's claims against Mr. Alexander. See 28 U.S.C. § 1367(c)(3). Because Plaintiff originally filed this action in Grady County, it appears that Plaintiff, her counsel, Mr. Alexander, and any necessary witnesses live closer to that court than this Court. Thus convenience to the parties supports dismissal. Given the limited participation of Mr. Alexander in this Court, concerns of judicial economy weigh against exercising supplemental jurisdiction. Accordingly, Plaintiff's claims against Mr. Alexander will be dismissed without prejudice.

## IV.  CONCLUSION

For the reasons set forth herein, Defendant Chelsey Gilbertson's Motion for Summary Judgment (Dkt. No. 100), Defendants Gillian Rainey and Elip Moore's Motion for Summary Judgment (Dkt. No. 103), and Defendant City of Chickasha's Motion for Summary Judgment (Dkt. No. 104) are GRANTED. Plaintiff's Motion for Summary Judgment as to Gillian Rainey, Elip Moore, and City of Chickasha (Dkt. No. 98) is DENIED. Defendant Chelsey Gilbertson's <u>Daubert</u> Motion to Exclude or Limit the Testimony of Dr. Jay Kovar, M.D. (Dkt. No. 102) is STRICKEN as moot. Plaintiff's claims against John Doe #2 are DISMISSED with prejudice. Plaintiff's claims against Defendant Alexander are DISMISSED without prejudice. A separate judgment shall issue.

IT IS SO ORDERED this 17th day of January, 2014.

ROBIN J. CAUTHRON
United States District Judge